UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF | NUMBER |
| **DONALD MITCHELL** | **05-19456** |
| | **SECTION A** |
| DEBTOR | |
| | CHAPTER 7 |

### REASONS FOR DECISION

This matter came before the Court on May 30, 2006 on the Motion for Sanctions for Violating the Automatic Stay[1] filed by debtor Donald Mitchell ("Debtor"). Wells Fargo Bank, N.A.[2] ("Wells Fargo") filed a Response[3] but did not attend the hearing. After hearing the argument of the Debtor's counsel and the testimony of Debtor, and after receiving documentary evidence, the Court took the matter under advisement.

**I.   Facts**

On October 13, 2005, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

Wells Fargo is listed in Debtor's Schedule D as a creditor holding a secured claim in the amount of $72,076.06. Wells Fargo holds a mortgage on Debtor's principal residence: 127 Pilgrim Drive, Reserve, LA ("the Property").[4]

---

[1] Pleading 14.

[2] The Response represents that Wells Fargo Bank, N.A. is successor by merger to Wells Fargo Bank Home Mortgage, Inc. f/k/a Norwest Mortgage, Inc.

[3] Pleading 19.

[4] The Court is relying on the pleadings and the statements of Debtor's counsel. The Court has not seen a copy of the original mortgage, and Wells Fargo did not file a proof of claim.

On December 22, 2005, the Court approved the Chapter 7 Trustee's disclaimer and abandonment of the Property.

On February 13, 2006, the Court granted Debtor's discharge under 11 U.S.C. §727.

Debtor received a letter from Wells Fargo dated April 17, 2006 stating that Debtor's mortgage loan was in default in the amount of $3,001.54. In the letter Wells Fargo wrote:

> [Y]ou should be aware that the mortgage remains as a valid lien against the property and will be foreclosed if amounts due thereunder are not made. Please be advised that in the event of foreclosure, you would not be personally liable for any part of the debt, but you will lose your interest in and rights to the property.

Debtor claims that the past due amounts are for the September, October, and November 2005 payments. He claims that he did not make these payments because Wells Fargo told him that these payments were not required as he was in an area affected by hurricane Katrina.

On May 15, 2006, Debtor entered into a loan modification agreement with Wells Fargo.

Debtor seeks an order (1) declaring that he is not in default of his payments to Wells Fargo, (2) prohibiting any further stay violations, and (3) "from charging the debtor for any action taken adverse to him."

**II. Law and Analysis**

Property, once disclaimed and abandoned, is no longer property of the estate, nor is it subject to the jurisdiction of the Bankruptcy Court. "[A]bandonment constitutes a divesture of all of the estate's interests in the property."[5] Once the Property was abandoned by the Trustee and Debtor received a discharge, this Court's jurisdiction ceased over matters concerning the Property.[6]

A lien survives the discharge and remains an encumbrance against the property of the debtor unless challenged successfully.[7] The demand made by Wells Fargo is nothing more than an attempt to enforce its lien, *in rem*, against the Property and not against the Debtor or property of the estate.

28 U.S.C. §1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The district courts may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 ... to the bankruptcy judges for the district."[8]

---

[5] 5 Collier on Bankruptcy, ¶ 554.02[3], p. 554-5 (15th ed. rev'd 2006).

[6] *In re Helms*, 1991 WL 284111, *1 (E.D.La. 1991) (Abandonment removes the asset from the bankruptcy court's jurisdiction .), *In re Schwarxzwalder*, 242 B.R. 734 (Bankr.M.D.Fla.1999)., *Keller v. CIT Group/Consumer Finance, Inc. (In re Keller)*, 229 B.R. 900, 902 (Bankr.S.D.Ohio 1998) (When property is abandoned, it is no longer property of the estate, and it is no longer subject to the control of the trustee and the jurisdiction of the bankruptcy court.); *In re DeVore*, 223 B.R. 193, 200 (9th Cir. B.A.P. 1998) (Abandonment removes the asset from the bankruptcy court's.).

[7] *Dewnsup v. Timm*. 502 U.S. 410, 112 S.Ct. 773 (1992).

[8] 28 U.S.C. §157(a).

A case is "related to" bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[9] Therefore, since the actions of Wells Fargo could have no effect on estate property or the administration of this case, this Court lacks jurisdiction to consider the motion.

Accordingly, the Court must deny the Motion for Sanctions for Violating the Automatic Stay for lack of jurisdiction. An appropriate order will be entered.

New Orleans, Louisiana, July 11, 2006.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[9] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6; 115 S.Ct. 1493, 1499 n.6.; 131 L. Ed. 2d 403 (1995); *In re Wood*, 825 F.2d at 93.